State vs. Mattle.

*Milton J. Cunningham*, Attorney General, and *A. J. Murff* for Plaintiff, Appellant.

*Joannes Smith* for Defendant, Appellee.

Submitted on briefs March 14, 1896.
Opinion handed down March 23, 1896.

---

No. 12,039.

THE STATE OF LOUISIANA VS. LOUIS P. MATTLE.

An ordinance of the city of New Orleans which provides that no one shall open or establish a drinking house or establishment for the retail of spirituous liquors without first obtaining a license or permit from the City Council is not illegal nor unconstitutional, as it comes within the police power of the city.

A PPEAL from the First Recorder's Court for the Parish of Orleans. *Whittaker, J.*

*E. A. O'Sullivan*, City Attorney, for City of New Orleans, Plaintiff, Appellee.

*Joseph Maille* for Defendant, Appellant.

Argued and submitted on briefs March 24, 1896.
Opinion handed down April 6, 1896.

The opinion of the court was delivered by

WATKINS, J. The defendant appeals from a judgment rendered by the judge of the First Recorder's Court of the parish of Orleans, sentencing him to pay a fine of five dollars, or suffer imprisonment of ten days, in the parish prison, having been found guilty of violating Ordinance No. 7012, C. S., relative to opening a barroom without previously obtaining permission from the City Council.

In the lower court, the defendant filed the following demurrer to the complaint preferred against him, viz.:

"That while he admits having *opened* his barroom without a permit from the City Council, he denies that he *sold* any liquors in violation of the prohibition of said ordinance.

"That said Ordinance No. 7012, C. S., by virtue of which he was arrested, is null and void and unconstitutional in that it violates Section one of the Fourteenth Amendment of the Constitution of the United States, and Article one of the Bill of Rights of the Constitution of this State, in depriving him of the liberty of carrying on a legitimate business sanctioned by law; and further, that said ordinance is illegal, null and void, because it is arbitrary, not general or uniform in its operation, discriminates against persons and otherwise divests the City Council of its discretionary and legitimate authority."

The judge overruled the demurrer on the ground that " the courts have already decided that this city has a right to regulate its own police affairs, and this (case) comes under its police regulations."

On the trial of the case the testimony disclosed that the defendant had opened his barroom without having obtained a permit from the City Council, as he was desirous of making a test case of it. That when the officer visited the premises he found his door closed, and upon it being opened, " there was a crowd of men found drinking beer and whiskey, inside."

That as the defendant had no license, he arrested him and locked him up.

The provisions of Ordinance No. 7012 are as follows, viz. :

"That it shall not be lawful for any one to set up or establish any drinking house, coffee house, beer house, or place where liquors of any kind are sold at retail by the glass, to be there consumed, without having first petitioned to the Mayor and City Council," etc.

"That any violation of the foregoing ordinance will be punished by a fine," etc.

The remainder of the ordinance specifies the manner of making petition and that of making protest, and it has no bearing upon the part quoted above, which deals with the penalty when no application is made at all.

There can be no question of the legality and constitutionality of the ordinance. It comes clearly within the police power of the city.

Judgment affirmed.